IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAID EL HAMDANI,

    Plaintiff,

v.                                         No. 1:23-cv-00066-WJ

UNIVERSITY OF NEW MEXICO, a public
University, STEPHEN BURD, Individually
and in his Official Capacity as an agent of
the University of New Mexico

    Defendants.

## MEMORANDUM ORDER AND OPINION

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (**Doc. 15**) and Motion for Hearing (**Doc. 20**). The Court **DENIES** Defendants' Motion to Dismiss (**Doc. 15**); however, the Court **GRANTS** Plaintiff leave to file an amended complaint to clarify any confusion about which counts apply to which defendant in what capacity. A hearing is not necessary; therefore, Defendants' Motion for Hearing (**Doc. 20**) is **DENIED**.

### DISCUSSION

Plaintiff Said El Hamdani brings claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and 42 U.S.C. § 1981 against Defendants University of New Mexico ("UNM") and Mr. Stephen Burd for denial of a scholarship award due to his race or national origin. Defendants urge the Court to dismiss Plaintiff's Complaint for four reasons: (1) lack of subject-matter jurisdiction; (2) individual-official capacity confusion; (3) failure to bring § 1981 claim under § 1983; and (4) failure to state a claim under Title VI and § 1981. The Court addresses each in turn, finds none persuasive, and **DENIES** Defendants' Motion.

### I.  Defendants Are Mistaken: NMTCA's Notice Requirements Have Nothing to Do with this Court's Subject-Matter Jurisdiction to Hear Title VI and § 1981 Claims.

Defendants' first argument for dismissal blatantly misunderstands the law. Defendants appear to contend that Plaintiff failed to comply with the notice requirement for bringing claims under the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978, § 41-4-16(A), and thus cannot bring claims under either Title VI or § 1981. This is just plain wrong. First off, it's worth noting that Plaintiff does not bring *any* claims under NMTCA, which makes Defendants argument all the more puzzling. NMTCA's notice requirement has nothing to do with claims brought under federal statutes. *See* NMSA 1978, § 41-4-16(A) (The notice requirement applies to claims brought "under the Tort Claims Act."). Moreover, to the extent Defendants contend NMTCA is the only vehicle by which a governmental entity's sovereign immunity can be waived, they are mistaken. As Plaintiff points out, Title VI also provides a waiver of Eleventh Amendment Sovereign Immunity. 41 U.S.C. § 2000d-7(a)(1). Defendants' arguments to the contrary are devoid of merit.

### II.  Plaintiff is Granted Leave to Amend.

Defendants next argue that Plaintiff cannot bring a Title VI claim against Mr. Burd in his individual capacity and cannot bring § 1981 claims against UNM and against Mr. Burd in his individual capacity. The problem with these arguments is that Plaintiff did not make these claims. While Plaintiff's Complaint is not the model of clarity, the Court need not dismiss claims that are not pleaded. To avoid any confusion, the Court **GRANTS** Plaintiff leave to file an amended complaint to make clear that Mr. Burd is being sued in his official capacity under Title VI and that Plaintiff's § 1981 claim is only against Mr. Burd in his individual capacity, and not UNM. The Court also grants Plaintiff leave to add factual allegations as well as to spell out that his § 1981 claim is brought under 42 U.S.C. § 1983. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1137 (10th Cir. 2006) ("[E]ven if [plaintiff] had not been sufficiently clear about bringing the § 1981

claim under § 1983, the district court should have permitted him to amend his complaint to do so."). Plaintiff must file an amended complaint within fourteen (14) days of entry of this order.

### III.   Defendants' Rule 12(b)(6) Plausibility Argument is Moot.

Defendants also challenge the plausibility of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).[1] Because the Court grants Plaintiff leave to amend, Defendants' Rule 12(b)(6) argument is now moot. Defendants may raise a Rule-12(b)(6) challenge to Plaintiff's Amended Complaint once filed.

## CONCLUSION

The Court **DENIES** Defendants' Motion to Dismiss (**Doc. 15**); **GRANTS** Plaintiff leave to file an amended complaint within fourteen (14) days of entry of this order; and **DENIES** Defendants' Motion for Hearing (**Doc. 20**).

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendants cite New Mexico Rules of Civil Procedure and State appellate caselaw in their motion. The Court advises Defendants that they are in federal court on federal statutory claims and thus must follow federal procedure and federal precedent interpreting that procedure.