IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAID EL HAMDANI,

        Plaintiff,

vs.                                                                 CIVIL NO. 1:23-cv-00066-WJ-JFR

UNIVERSITY OF NEW MEXICO
AND STEPHEN BURD,

        Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on July 5, 2023, at 8:30 am MST / 9:30 am CST and was attended by:

Chelsea Glover for Plaintiff

Dawn Vernooy for Defendants

## NATURE OF THE CASE

This is a discrimination claim brought under Title VI and Section 1981 via Section 1983 against the University of New Mexico and Stephen Burd in his official and individual capacities. This action seeks compensatory and punitive damages as well as attorney fees.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Plaintiff does not anticipate filing a second amended complaint or moving to join additional parties at this time. At the end of discovery, Plaintiff may file a motion for summary judgment.

Plaintiff(s) propose until August 31, 2023 to move to amend the pleadings and/or join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: At the end of discovery, Defendant may file a motion for summary judgment.

Defendants(s) propose until September 15, 2023 to move to amend the pleadings and/or join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## **STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District, and the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter with the exception that the University of New Mexico and Stephen Burd do not stipulate to the Court's jurisdiction to the extent jurisdiction is challenged in their contentions below.

The parties are willing to further stipulate to the following facts:

1. In January 2020, Mr. El Hamdani was finishing his undergraduate degree at the University of New Mexico ("UNM").
2. Mr. El Hamdani applied for the UNM Information Assurance Scholarship for Service ("SFS Scholarship") in the Spring semester of 2020.
3. The SFS Scholarship paid for costs associated with graduate degree programs.
4. On April 8, 2020, Mr. El Hamdani was disciplined by a professor for providing source code to other students.
5. On April 10, 2020, Professor Burd sent Mr. El Hamdani an email notifying him that he did not receive the SFS Scholarship.

The parties further stipulate and agree that the law governing this case is: Title VI of the Civil Rights Act of 1964. Plaintiff further refers to 42 U.S.C. § 1981, which governs his remaining claims in this lawsuit via 42 U.S.C. § 1983, as Plaintiff states in his First Amended Complaint.

Defendants contest its applicability because precedent in the 10th Circuit has already established that the nature of this case should be brought under Section 1983.

## PLAINTIFF'S CONTENTIONS:

Mr. El Hamdani contends he applied for and was qualified to receive the SFS Scholarship, but Defendants denied him the scholarship due to Professor Stephen Burd's discriminatory judgment of Mr. El Hamdani's Moroccan national origin and Muslim faith. Mr. El Hamdani contends that Professor Burd, through the authority granted to him by the University of New Mexico, wrongly assumed that Mr. El Hamdani could not receive the security clearance required by the SFS Scholarship because he still had family in Morocco that he visited frequently. Mr. El Hamdani contends that Professor Burd displayed hostility and animus towards Mr. El Hamdani on the basis of his national origin, by making comments about 9/11, Arabs and Muslims during the SFS Scholarship interview. Mr. El Hamdani contends that Professor Burd's subsequent reliance on academic dishonesty as the reason for denying Mr. El Hamdani the SFS Scholarship constitutes pretext for discrimination against Mr. El Hamdani on the basis of his national origin and associated Muslim faith.

To date, Defendants have produced no evidence of additional applicants for or recipients of the SFS Scholarship during Spring 2020. Therefore, Mr. El Hamdani cannot agree to any stipulated fact regarding additional applicants or recipients.

Plaintiff further sets forth the following facts which Defendants contest:

1. In his April 10, 2020 email, Professor Burd stated, "The primary reason for this decision is my assessment that there is a significant risk that you will be unable to obtain a high-level security clearance (e.g., Top Secret or higher) and this meet SFS internship and/or career service requirements."

2. On December 7, 2020, Mr. El Hamdani submitted an online complaint of discrimination based on national origin and religion to UNM's Compliance, Ethics and Equal Opportunity Office ("CEEO").

3. Mr. El Hamdani met with a representative of the CEEO on December 22, 2020.

4. On February 1, 2021, Mr. El Hamdani elected to file a formal complaint and have CEEO conduct a formal investigation of his claims regarding the denial of his scholarship.

5. On March 10, 2021, UNM sent Mr. El Hamdani a confirmation of allegations.

6. On April 22, 2022, the CEEO issued a Final Investigative Report in response to Mr. El Hamdani's complaint.

7. On August 5, 2022, the CEEO issued an Administrative Hearing Determination on Mr. El Hamdani's complaint, finding that it could not hold Professor Burd responsible for violating UNM's University Administrative Policy regarding differential treatment discrimination based on national origin or religion.

**DEFENDANTS' CONTENTIONS**

UNM and Professor Stephen Burd contend that Mr. El Hamdani fails to state claim under Title VI and Section 1983 against UNM and Mr. Burd because Mr. El Hamdani was not qualified for the SFS Scholarship. The scholarship required that applicants could apply for and receive a high-level security clearance. Professor Burd's and Alessandro Seazzu's questions to Mr. El Hamdani about birthplace, citizenship, family relationships, and travel practices were part of vetting him for a scholarship that required eligibility for a security clearance in conjunction with conducting interviews with faculty who worked with Mr. El Hamdani). UNM and Professor Burd contend that an applicant's integrity and honesty are at the heart of qualifying for security clearances. UNM and Professor Burd further contend Mr. El Hamdani's integrity and honesty were called into question when he admitted to sharing source code with another student after being

confronted with evidence and after being provided the opportunity to admit to any acts of academic dishonesty in violation of UNM's Academic Dishonesty Policy. UNM and Professor Burd contend that Mr. Burd investigated each applicant by equally applying the same procedures to determine whether and to what extent applicants were qualified to receive the SFS Scholarship. UNM and Professor Burd contend that Professor Burd did not make any objectively discriminatory or otherwise derogatory remarks relying on biases or stereotypes, or that Professor Burd's questions were inappropriate in light of vetting an applicant for a security clearance consistent with federal guidance for vetting such applicants.

UNM and Professor Burd content that None of the actions described in Mr. El Hamdani's Amended Complaint constitute a violation of Plaintiff's constitutional rights. Allegations of UNM and Professor Burd's actions in this case do not violate clearly established law, entitling them to qualified immunity. There has been no waiver of immunity for actions alleged in the Amended Complaint.

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Witnesses:

Said El Hamdani
Plaintiff
c/o counsel for Plaintiff
Mr. El Hamdani will testify about his background, eligibility for the SFS Scholarship, interview with Professor Burd, Professor Burd's denial of his application for the SFS Scholarship, and his receipt of security clearance.

Stephen Burd
Defendant
c/o counsel for Defendants
Mr. Burd will testify about his background, his selection of SFS Scholarship recipients, his consideration of Mr. El Hamdani for the SFS Scholarship, his denial of Mr. El Hamdani for the SFS Scholarship, his communications with Mr. Eugene Rooney regarding Mr. El Hamdani.

Nidia Leija
Wife of Plaintiff
c/o counsel for Plaintiff
Ms. Leija will testify about her experience during the interview with Professor Burd, her communications with Mr. El Hamdani after the SFS Scholarship interview, and the effect of the denial on Mr. El Hamdani.

Sterling Clay
Plaintiff's former classmate
437 New York Avenue NW
Apt. 312
Washington, D.C. 20001
Mr. Clay will testify about Mr. El Hamdani's character, his communications with Mr. El Hamdani after Mr. El Hamdani was denied the SFS Scholarship, and the effect of the denial on Mr. El Hamdani.

Anthony Ballo
Plaintiff's former supervisor
4509 Calyx Ct. NW
Albuquerque, NM 87120
Mr. Ballo will testify about Mr. El Hamdani's character, his communications with Mr. El Hamdani after Mr. El Hamdani was denied the SFS Scholarship, and the effect of the denial on Mr. El Hamdani.

Yassine Fartsi
Plaintiff's friend
5980 Richmond Hwy
Apt. 710
Alexandria, VA 22303

6

Mr. Fartsi will testify about Mr. El Hamdani's character, his communications with Mr. El Hamdani after Mr. El Hamdani was denied the SFS Scholarship, and the effect of the denial on Mr. El Hamdani.

Alessandro Seazzu
Director, UNM Center for Information Assurance Research & Education
University of New Mexico
Albuquerque, NM 87131
Mr. Seazzu will testify about the SFS Scholarship application and selection process, his communications with Professor Burd regarding Mr. El Hamdani, and any reasons for the denial of the SFS Scholarship to Mr. El Hamdani.

Eugene Rooney
Adjunct Faculty, UNM Anderson School of Management
University of New Mexico
Albuquerque, NM 87131
Mr. Rooney will testify about his experience with Mr. El Hamdani as a student, his allegation of academic dishonesty against Mr. El Hamdani, and his communications with Mr. El Hamdani and Professor Burd.

Mary Margaret Rogers
Associate Professor, UNM Anderson School of Management
University of New Mexico
Albuquerque, NM 87131
Ms. Rogers will testify about her communications with Mr. El Hamdani and Mr. Rooney's report of Mr. El Hamdani's academic dishonesty.

Josh Saiz
Programmer Analyst, UNM Anderson School of Management
University of New Mexico
Albuquerque, NM 87131
Mr. Saiz will testify about his communications with Professor Burd in 2020 regarding his review of two files of code.

Viktor Piotrowski
Lead Program Director for CyberCorps®: Scholarship for Service, National Science Foundation
2415Eisenhower Ave
Alexandria, VA 2314
Mr. Piotrowski will testify about the SFS Scholarship's purpose, qualification criteria, and selection process from the National Science Foundation's perspective.  The National Science Foundation Funds the SFS Scholarship.

Tony Coulson
Principal Investigator, California State San Bernardino University Enterprises Corporation
5500 University Parkway
San Bernardino, CA 92407

Mr. Coulson will testify about his experience as a Principal Investigator vetting and selecting scholarship applicants for the SFS Scholarship at a number of Universities in the United States.

John "Drew" Hamilton
Director, Texas A&M Center for Cyber Security
435 Nagle Street
College Station, TX 77843-3112
Mr. Hamilton will testify about his experience as a Principal Investigator vetting and selecting scholarship applicants for the SFS Scholarship at UNM.
Defendants further contend as follows:

6 Students who applied for the SFS Scholarship.  Names and address information will be released upon consent in compliance with the Family Education Rights and Privacy Act.  We are diligently working on obtaining that consent.

Documents:

Any documents Professor Burd or any others reviewed during the interview process prior to the decision to deny Mr. El Hamdani the SFS Scholarship.
Any documents that Professor Burd relied on to make the decision to deny Mr. El Hamdani the SFS Scholarship.
All emails and attachments between  Professor Burd and Mr. El Hamdani related to the SFS Scholarship.
All emails or notes regarding communications between Professor Burd and Alessandro Seazzu regarding candidates for the SFS Scholarship in 2020.
All emails between Professor Rooney, University of New Mexico employees and students, and Mr. El Hamdani related to academic dishonesty occurring Spring 2020.
UNM's Academic Dishonesty Policy
Emails between Professor Burd, Alessandro Seazzu, and other SFS Scholarship applicants during Spring 2020.
UNM'S CEEO Final Determination
Any emails or notes regarding communications between Professor Burd and Eugene Rooney relating to Mr. El Hamdani.
Any documents produced by either party during discovery.


Experts:

Christina Jump
Counsel for Plaintiff
Constitutional Law Center for Muslims in America
100 N. Central Expt., Suite 1010
Richardson, TX 75080
Subject Matter - Attorneys' Fees
Ms. Jump will testify regarding the appropriate method for calculating attorneys' fees and the reasonableness of Plaintiff's counsels' hours spent prosecuting the case.

The parties anticipate discovery on the following subjects: (1) whether Mr. El Hamdani qualified for the SFS Scholarship; (2) why Professor Burd denied Mr. El Hamdani the SFS Scholarship; (3) whether Professor Burd denied Mr. El Hamdani the SFS Scholarship based on his national origin and/or religion; (4) who did receive the SFS Scholarship instead of Mr. El Hamdani; (5) whether Professor Burd has ever selected a Muslim candidate or a candidate from a country in the MENA (Middle Eastern and North African) region; (6) whether Professor Burd has any formal training on national security determinations; (7) a complete list of the individuals Professor Burd spoke to and any documents on which he relied or which he created in deciding not to award Mr. El Hamdani the SFS Scholarship.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 40 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 25 requests for production by each party to any other party.

Plaintiff proposes a maximum of 5 depositions by Plaintiff and 5 by Defendants. Defendants propose 10 depositions (each side).

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s):    by October 23, 2023

    from Defendant(s):    by November 22, 2023

Supplementation under Rule 26(e) due 14 days after new information is obtained or received.

All discovery commenced in time to be complete by January 22, 2024. There are no issues for early discovery.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Potential motion for protective order regarding discovery topics and documentation, depending on the nature of the information sought and produced; no other pretrial motions anticipated at this time.

Defendant intends to file:  Defendants may file pre-trial motions as necessary to complete the discovery process, preserve rights and defenses, or as needed to promote justice and assist with judicial efficiency upon the time of trial.

## ESTIMATED TRIAL TIME

The parties estimate trial will require five business days.

____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference 45 days prior to trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the close of discovery. The parties will discuss mediation after January 22, 2024.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

          /s/ Christina A. Jump
Christina A. Jump
ID No. 22-259
Chelsea G. Glover
ID No. 23-76
Constitutional Law Center
for Muslims in America
100 North Central Expy, Ste. 1010
Richardson, TX 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
cglover@clcma.org

For Plaintiff


          /s/ Eric G. Rodriguez
Eric G. Rodriguez
State Bar No. 152859
Federal ID No. 930976
Dawn M. Vernooy
State Bar No. 149417
Federal ID No. 22-128
WALSH GALLEGOS TREVIÑO
KYLE & ROBINSON, P.C.
500 Marquette Avenue NW, Suite 1310
Albuquerque, New Mexico 87102
Phone: (505) 243-6864
Fax: (505) 843-9318
Email: erodriguez@wabsa.com
Email: dvernooy@wabsa.com

For Defendants