IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SAID EL HAMDANI, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Case No. 1:23-CV-00066-WJ-JFR |
| | § |
| | § |
| UNIVERSITY OF NEW MEXICO, | § |
| a Public University, STEPHEN BURD, | § |
| in his official capacity as an agent of the | § |
| University of New Mexico, | § |
| | § |
| Defendants. | § |

## STIPULATED MOTION FOR PROTECTIVE ORDER

The Parties ask this Court to enter a Protective Order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure governing the dissemination, disclosure, and ultimate disposition of UNM Students' records and the information contained therein and providing for confidentiality as may be appropriate. In support thereof, the Parties respectfully show the Court as follows:

### I.   FACTS

Said El Hamdani ("Plaintiff") is a citizen of the United States, originally from Morocco, who identifies as Muslim. In January 2020, Plaintiff, then an undergraduate at the University of New Mexico ("UNM" or "Defendant UNM")), applied for the CyberCorps® Scholarship for Service, also known as the UNM Information Assurance Scholarship for Service ("SFS Scholarship"). The SFS Scholarship was administered in part by Professor Stephen Burd ("Defendant Burd").

1

In April 2020, Plaintiff received an email from Defendant Burd informing Plaintiff that he had been denied the SFS Scholarship. In December 2020, Plaintiff reported to Defendant UNM allegations that Defendant Burd denied Plaintiff the SFS Scholarship for discriminatory reasons based on Plaintiff's national origin and associated religion. UNM investigated Plaintiff's allegations, and, in August 2022, made a final determination that Professor Burd had not violated UNM's Prohibited Discrimination and Equal Opportunity Policy.

In January 2023, Plaintiff filed a complaint in federal court, alleging violations of Title VI of the Civil Rights Act of 1964 and Section 1981 by Defendants the University of New Mexico and Burd (together, "Defendants"). In April 2023, Plaintiff filed an amended complaint, alleging violations of Title VI by Defendant UNM and Defendant Burd in his official capacity and violations of Section 1981 via Section 1983 by Defendant Burd in his individual capacity.

Plaintiff has now served his first set of discovery requests on Defendants. A number of Plaintiff's discovery requests ask for information in interrogatories or production requests of UNM Students' education records, including scholarship applications, reference letters, as well as academic dishonesty charges and determinations. Specifically, UNM Students' education records are requested by the Plaintiff's following interrogatories and requests for production:

A. **Plaintiff's First Set of Interrogatories to Defendant UNM**

1. <u>Interrogatory No. 5</u>: For the past three (3) years, identify each and every applicant for and recipient of the SFS Scholarship by name, religion, and national origin, as well as selection result.

2. <u>Interrogatory No. 6</u>: For the past three (3) years, identify each and every applicant for and recipient of the SFS Scholarship with a charge of academic dishonesty by name, religion, and national origin.

2

3. <u>Interrogatory No. 9</u>: Identify any and all complaints asserted against Defendant Burd within the past seven (7) years by students, applicants, and fellow staff. For each alleged instance, include the position of the complainant (student, applicant, or staff), the substance of the complaint, whether the complaint was substantiated by Your investigation, and the outcome.

B.  **<u>Plaintiff's First Set of Requests for Production to Defendant UNM</u>**

1. <u>Request for Production No. 1</u>: Any and all documents reviewed by UNM employees, including Defendant Burd and Alessandro Seazzu, during the interview and decision-making process regarding the SFS Scholarship prior to April 10, 2020.

2. <u>Request for Production No. 4</u>: Any and all communications regarding applicants for the SFS Scholarship in Spring 2020.

3. <u>Request for Production No. 5</u>: Any and all documents identified in Your Initial Disclosures.

4. <u>Request for Production No. 6</u>: Any and all documents reviewed in response to Plaintiff's Interrogatories and Request for Admissions.

C.  **<u>Plaintiff's First Set of Interrogatories to Defendant Burd</u>**

1. <u>Interrogatory No. 7</u>: For the past three (3) years, identify each and every applicant for and recipient of the SFS Scholarship that You interviewed by name, religion, and national origin.

2. <u>Interrogatory No. 8</u>: Identify each and every Muslim and/or foreign-born recipient of the SFS Scholarship for the past five (5) years.

3. <u>Interrogatory No. 11</u>: Identify any and all prior examples within the past

seven (7) years where You have taken into consideration any allegations of academic dishonesty, including dates, names of parties involved, actions alleged to constitute academic dishonesty, and the context in which the actions occurred.

4.      <u>Interrogatory No. 15:</u> Identify each and every "negative reference comment" You received about Plaintiff in connection with his application for the SFS Scholarship.

**D.      Plaintiff's First Set of Requests for Production to Defendant Burd**

1.      <u>Request for Production No. 1:</u> Any and all documents reviewed by You during the interview process for the SFS Scholarship in Spring 2020.

2.      <u>Request for Production No. 3:</u> Any and all communications between You and Eugene Rooney regarding Plaintiff in 2020.

3.      <u>Request for Production No. 6:</u> Any and all documents identified in Your Initial Disclosures.

4.      <u>Request for Production No. 7:</u> Any and all documents reviewed or consulted in any way in response to Plaintiff's Interrogatories and Request for Admissions.

**II.      STANDARD**

According to Rule 26(c) of the Federal Rules of Civil Procedure, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). The party seeking the protective order has the burden to show good cause. *See Velasquez v. Frontier Med. Inc.*, F.R.D. 197, 200 (D.N.M. 2005) (citation omitted). A party can demonstrate good cause by submitting "a particular and specific

4

demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (internal quotations and citation omitted).

### III. ARGUMENTS AND AUTHORITIES

The Family Educational Rights and Privacy Act ("FERPA") does not prohibit the disclosure of educational records. Instead, FERPA financially penalizes the inappropriate disclosure of such information. 20 U.S.C. § 1232g(a), (b)(1). When considering motions to compel and objections on the basis of FERPA, other federal courts have found that FERPA "does not create an evidentiary privilege . . . [and] documents covered by FERPA are indeed discoverable in the context of a civil action." *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. 2005); *see also Johnny S. ex rel. Darlene R. v. Pojoaque Valley Sch. Dist.*, 2014 WL 12798273, at *5 (D.N.M. 2014) (unpublished) (citing *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023-24 (N.D. Ohio 2004)); *Bauer v. Kincaid*, 759 F. Supp. 575, 589 (W.D. Mo. 1991); *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977). "Given FEPRA's underlying privacy concerns, it does, however, place a higher burden on the party seeking access to student records to justify disclosure than with the discovery of other types of records." *Johnny S. ex rel. Darlene R.*, 2014 WL 12798273, at *5 (citing *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023-24 (N.D. Ohio 2004))

FERPA's regulations permit educational institutions to "disclose personally identifiable information from an education record of a student without the consent required . . . if the disclosure . . . is to comply with a judicial order or lawfully issued subpoena," 34 C.F.R. § 99.31(a)(9)(i), and "only on the condition that the party to whom the information is disclosed will not disclose the information to any other party without the prior consent of the parent or eligible student," 34 C.F.R. § 99.31(a)(1).

5

The party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students. *Rios*, 73 F.R.D. at 599. Courts have found various circumstances satisfy this "heavy burden." *Maxey v. Sioux City Cmty. Sch. Dist.*, 2009 WL 35171, at *2 (N.D. Iowa 2009) (unpublished). Courts usually find that a party has met this burden when it would be "impossible to prove" the claim without such records. *Rios*, 73 F.R.D. at 599. In *Rios*, a class action brought against school officials for failing to provide adequate educational tools to remedy plaintiffs' English language deficiencies in violation of the Fourteenth Amendment and Title VI, the court found that the plaintiffs demonstrated a genuine need for access to educational records because their case based on educational progress would be impossible to prove without them. *Id.* However, prior to disclosure, the court ordered that the parents of the students must receive notice of the pending disclosure and be given an opportunity to make individual objections. *Id.*

The Parties agree that FERPA-protected information in documents responsive to the following requests can be provided in redacted form:

1. "Plaintiff's First Set of Requests for Production to Defendant UNM Request for Production No. 6" as it relates to "Plaintiff's First Set of Requests for Production to Defendant UNM Interrogatory No. 5" to the extent that documents contain names and information related to students outside of the three-year time limited request made by Plaintiff and to "Plaintiff's First Set of Requests for Production to Defendant UNM Interrogatory No. 6"; and

2. "Plaintiff's First Set of Requests for Production to Defendant Burd Request for Production No. 7" as it relates to "Plaintiff's First Set of Requests for Production to Defendant Burd Interrogatory No. 3, 11, 15" to the extent that emails or email chains

reference UNM Students or were authored by UNM Students for Interrogatories Nos. 3 and 15 and lie outside Plaintiff's request for communications between Defendant Burd and Eugene Rooney about Plaintiff.

*Bd. of Trs. Cut Bank Pub. Sch. v. Cut Bank Pioneer Press*, 160 P.3d 482, 487 (Mont. 2007) ("[O]nce a record is redacted, it no longer contains 'information relating directly to the student' and is therefore not an educational record."). The Tenth Circuit has not ruled on this issue.

The Parties agree that for Plaintiff's remaining requests, listed above, it may be necessary to disclose education records relating to the subject matter of this action. When such disclosure is to be made, the Parties agree that Notice of Disclosure of Student Records will be sent to UNM Students, attached as Exhibit A. The Parties agree that information contained in UNM Students' education records should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.

The parties jointly request entry of the proposed Protective Order, attached here as Exhibit B to limit the disclosure, dissemination, and use of certain identified categories of confidential information. Any information or documents that are available to the public or have not previously been kept in a confidential matter will be exempt from this Order. The parties acknowledge that the Order will not entitle them to seal all confidential information filed with the Court.

Except with the prior written consent of the designating party or prior order of the Court, information from UNM Students' education records may only be disclosed to the following persons:

    a.    The parties to this litigation, including employees, agents, and representatives of the parties;

  b. Counsel for the parties and employees and agents of Counsel;

  c. Any mediator appointed by the Court or jointly selected by the parties;

  d. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

  e. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection to this litigation;

  f. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have certified that they will keep information from UNM Students' education records confidential; and provided that such witnesses will not retain copies of education records;

  g. The author or recipient of the document (not including a person who received the document in the course of litigation);

  h. Other persons only upon consent of the producing party and only after such persons have certified that they will keep information from UNM Students' education records confidential; and provided that such witnesses will not retain copies of education records.

The parties submit that the provisions of the proposed Protective Order are without prejudice to the right of (i) any party to apply to the Court for an order that any given document

be exempt prospectively and no longer subject to the restrictions contained herein; or (ii) any party applying to the Court for an order imposing further restrictions on specified documents; or (iii) any party to use the documents upon the trial of this case in accordance with the applicable rules of evidence; or (iv) to attach the documents to or discuss their contents in motions or other papers filed with the Court, in accordance with the applicable rules of procedure and evidence, so long as the party takes appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

The parties respectfully ask the Court to enter the proposed Protective Order filed with this Motion.

### IV.   PRAYER

WHEREFORE the parties respectfully request that their Stipulated Motion for Protective Order be granted and grant such other relief this Court deems just and proper.

Submitted and Approved by:

| | |
|---|---|
| CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA | WALSH GALLEGOS TREVIÑO KYLE & ROBINSON, P.C. |
| BY: */s/ Christina A. Jump* <br> Christina A. Jump <br> ID No. 22-259 <br> Chelsea G. Glover <br> ID No. 23-76 | BY: *Dawn M. Vernooy* <br> Eric G. Rodriguez <br> State Bar No. 15285 <br> Federal ID No. 930976 <br> Dawn M. Vernooy |

| | |
|---|---|
| 100 North Central Expy, Ste. 1010<br>Richardson, TX 75080<br>Tel: (972) 914-2507<br>Fax: (972)692-7454<br>Email: cjump@clcma.org<br>Email: cglover@clcma.org<br><br>*Attorneys for Plaintiff* | State Bar No. 149417<br>Federal ID No. 22-128<br>WALSH GALLEGOS TREVIÑO<br>KYLE & ROBINSON, P.C.<br>500 Marquette Avenue NW, Suite 1310<br>Albuquerque, New Mexico 87102<br>Tel: (505) 243-6864<br>Fax: (505) 843-9318<br>Email: erodriguez@wabsa.com<br>Email: dvernooy@wabsa.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ day of September 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Christina A. Jump
Chelsea G. Glover
CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
100 North Central Expy, Ste. 1010
Richardson, TX 75080
Tel: (972) 914-2507
Fax: (972)692-7454
Email: cjump@clcma.org
Email: cglover@clcma.org

By: /s/ Dawn M. Vernooy
Dawn M. Vernooy